IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION

QUINTON VERNARD JONES                                           PETITIONER

VS.                    CASE NO. 5:19-cv-00364 JM/PSH

WENDY KELLEY, Director of the
Arkansas Department of Correction                               RESPONDENT

## PROPOSED FINDINGS AND RECOMMENDATIONS

### INSTRUCTIONS

The following recommended disposition has been sent to United States District Judge James M. Moody Jr. You may file written objections to all or part of this Recommendation. If you do so, those objections must: (1) specifically explain the factual and/or legal basis for your objection; and (2) be received by the Clerk of this Court Clerk within fourteen (14) days of this Recommendation. By not objecting, you may waive the right to appeal questions of fact.

### DISPOSITION

Quinton Vernard Jones ("Jones"), an inmate in the custody of the Arkansas Department of Correction ("ADC"), filed this application for writ of habeas corpus pursuant to 28 U.S.C. §2254. This is Jones' second federal habeas corpus petition.

Jones pleaded guilty in Pulaski County Circuit Court to charges of first degree murder, criminal attempt to commit first degree murder, and enhancements for committing the crimes with a firearm and in the presence of a child. He was sentenced

to 660 months of imprisonment.  Following his conviction, Jones filed a timely Rule 37 petition alleging ineffective assistance of trial counsel.  That motion was ultimately denied.[1]

Jones filed his first federal habeas corpus case on September 6, 2017, *Jones v. Kelley*, No. 5:17cv232 JM/PSH.  He claimed his trial counsel was ineffective due to his failure to investigate, that trial counsel coerced him into pleading guilty, that he was constructively denied counsel, that he was denied the right to jury trial and to an adversarial process, and finally, that trial counsel acted under a conflict of interest.  This Court recommended that Jones' petition be denied, finding that his claims targeted trial counsel and his representation, which were adjudicated by the state trial and appellate courts; and that Jones failed to demonstrate the state courts' decisions were defective as defined in 28 U.S.C. § 2254(d)(1), (2).  See *Jones v. Kelley*, No. 5:17cv232, Doc. No. 18.  The district judge approved and adopted the recommendation on July 30, 2018, and a judgment was entered dismissing the petition with prejudice.  *Id.*, Doc. Nos. 29, 30. A certificate of appealability was denied by the district court and by the Eighth Circuit Court of Appeals.  *Id.*, Doc. Nos. 30, 36.

Jones filed a second federal petition for writ of habeas corpus in the pending case on November 22, 2019.  Doc. No. 1.  He claims ineffective trial counsel failed to investigate, coerced him into pleading guilty, and that he was constructively denied

---

[1] The circuit court initially denied relief, and Jones appealed.  On appeal, the Arkansas Supreme Court reversed and remanded the case for an evidentiary hearing because the circuit court applied the wrong standard in reviewing the petition.  On remand, an evidentiary hearing was held and the circuit court found that Jones had not established a reasonable probability that but for counsel's deficient performance he would not have pleaded guilty.  The Arkansas Supreme Court affirmed.


counsel, all claims that were asserted in his first federal habeas petition. *Id.* There is no showing that Jones has sought or received permission from the Eighth Circuit Court of Appeals to file the instant petition. Respondent Wendy Kelley ("Kelley") has moved to dismiss the petition, citing Jones' failure to seek or receive such permission. Doc. No. 4.

"Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A) . The statutory language is clear -- permission must be received before a petitioner can file a successive petition with the district court. There is no evidence that Jones obtained permission from the Eighth Circuit Court of Appeals to file a successive petition. Without such permission, this Court is without jurisdiction to consider the successive petition. *See Boyd v. United States*, 304 F.3d 813 (8th Cir. 2002). Thus, the Court recommends that Kelley's motion to dismiss be granted and the petition be dismissed without prejudice pending an order from the Eighth Circuit Court of Appeals containing authorization for filing.

Pursuant to 28 U.S.C. § 2253 and Rule 11 of the Rules Governing Section 2554 Cases in the United States District Court, the Court must determine whether to issue a certificate of appealability in the final order. In § 2254 cases, a certificate of appealability may issue only if the applicant has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(1)-(2). The Court finds no issue on which petitioner has made a substantial showing of a denial of a constitutional

right. Thus, a certificate of appealability should be denied.

IT IS SO RECOMMENDED this 25th day of February, 2020.

_____
UNITED STATES MAGISTRATE JUDGE